NO. 07-00-0290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 15, 2002

_____

ZENON LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 12,373-C; HONORABLE WILLIAM R. SHAVER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In one issue, appellant Zenon Lopez challenges his conviction for the offense of indecency with a child and the resulting jury-assessed punishment of eight years confinement in the Institutional Division of the Department of Criminal Justice, probated for eight years. In his issue, appellant contends that the trial court erred in admitting his statement into evidence. Finding no reversible error, we affirm the judgment of the trial court.

The trial court held a hearing outside the presence of the jury to determine the admissibility of appellant's written statement. In that statement, he admitted that if the victim claimed he touched her crotch, it was done by accident. However, he claimed that his statement was not voluntary because he was unable to give consent to waive his constitutional rights due to being under medication and being unable to read what he was signing. The court ruled that appellant admitted in his testimony that State's Exhibit No. 5, which contained the *Miranda* warnings, was voluntary and that, from his testimony, he understood the written statement in State's Exhibit No. 6.

We review the trial court's findings as to whether a statement was voluntary under an abuse of discretion standard. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex.Crim.App. 1991). When controverted evidence exists as to whether a statement was voluntary, the trial judge determines credibility of the witnesses and the weight to be given their testimony. *Id.* If the resolution of a controverted issue is supported by the evidence, it will not be disturbed. *Muniz v. State*, 851 S.W.2d 238, 252 (Tex.Crim.App.), *cert. denied,* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

State's Exhibit No. 5 contains the constitutional warnings provided to appellant, each warning was initialed by him, and he signed the warnings at 10:45 a.m. on December 15, 1998. The constitutional warnings are re-stated at the top of appellant's statement contained in State's Exhibit No. 6. Each warning is initialed by appellant. That statement was also initialed by appellant at both the beginning and the end and signed by him at the bottom of the page at 11:50 a.m. on December 15, 1998.

2

At the hearing, appellant testified that someone else wrote the handwritten statement. Further, he did not actually read the statement before he signed it, nobody read the statement to him, and his glasses were broken at the time. He averred that he put his initials on the statement because he trusted law enforcement. Appellant also claimed he was in bad health on that day recuperating from a heart attack, and he also suffered from diabetes. If his blood sugar gets too high, he can pass out or go to sleep. Due to those illnesses, he was taking several medications and, on that day, his diabetes was bothering him.

On cross-examination, he admitted that he was at work that day as a grounds keeper for West Texas A&M University and, after he gave the statement, he returned to work. He further admitted that the officers explained the constitutional warnings to him, that he understood those warnings, and he agreed to waive his rights. Further, he agreed that the rights on State's Exhibits No. 5 and No. 6 were essentially the same. Additionally, appellant stated that the officers did not beat him up, yell or scream at him, or threaten him. He agreed that he signed the statement voluntarily and was not forced or tricked into doing so. However, he claimed that part of the statement was not true.

Officer Derek Parker testified that he was one of the officers involved in obtaining a statement from appellant. He had appellant read the first part of the constitutional warnings out loud to make sure he understood English and could read it, and then he saw appellant read the statement. According to the officer, appellant had no problems reading the warning out loud. Appellant also indicated to the officer he had read the written

3

statement because he said the handwriting was hard to read, but did not say he wished to change anything in the statement. Officer Parker testified the statement was voluntary and given without any threats being made.

On cross-examination, the officer stated that he did not check on appellant's current health condition or whether he was on any medication that day. He further admitted it was not his normal practice to question suspects about their physical or mental condition. Parker explained that the written portion was appellant's statement, and appellant did not ask any questions about the officer's handwriting. Although Officer Parker agreed that he did not write down everything appellant said, he averred he basically wrote down word for word what appellant told him to the best of his ability.

Appellant has not cited any authority that the police are required to specifically question suspects about their physical or mental condition prior to taking a statement. Further, there is nothing in the record to show that appellant ever informed any officer that his medication or health affected his ability to understand what was happening or even that he himself believed that those factors influenced his actions that day. There was also testimony from Detective Chris Tinsley on voir dire examination prior to the hearing outside the presence of the jury that he was present during the entire time the statement was being taken and that appellant did not mention anything about his health that day.

It has been held that the fact a suspect is intoxicated is not determinative of whether a confession is voluntary, but the question is whether the intoxication renders him incapable of making an independent, informed decision to confess. *Jones v. State*, 944

S.W.2d 642, 651 (Tex.Crim.App. 1996), *cert. denied,* 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). In *Rodriquez v. State*, 934 S.W.2d 881 (Tex.App.--Waco 1996, no pet.), the defendant testified that he had drunk a lot of beer but failed to testify that it impeded his mental abilities, and the court found the confession voluntary. *Id.* at 890. Further, in *Gomes v. State*, 9 S.W.3d 373, 378 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd), one factor considered by the court was that the defendant failed to complain of her fatigue or hunger to the point of wanting the investigation to end. *See also Estrada v. State,* 2 S.W.3d 401, 406 (Tex.App.--San Antonio 1999, pet. ref'd). Since there is no evidence that appellant's ability to make an informed decision was affected by his medication or illness on that particular day, the evidence at the hearing supports the trial court's finding that illness or medication did not render him incapable of voluntarily making a decision to relinquish his rights.

With respect to appellant's claim that he did not read the statement before signing and did not have his glasses with him, the same complaint was made in *Wyatt v. State*, 23 S.W.3d 18 (Tex.Crim.App. 2000). However, the court found in that case that the totality of the circumstances showed that he could see well enough to sign the forms and he conceded the signatures were his handwriting. Moreover, he never claimed he did not understand his rights. *Id.* at 25.

Similarly, appellant acknowledged that he understood the warnings given to him and agreed to waive his rights. He further acknowledged that he voluntarily signed the statement. There was also testimony from Parker that appellant was able to read the first

5

warning out loud without difficulty, thereby showing he was able to read without his glasses. Even though appellant made a remark about the handwriting on the statement being difficult to read, he did not ask the officer any questions about the statement or ask to have it read to him. Thus, there is evidence to support the trial court's finding that appellant understood the written portion of the statement.

Appellant also asserts parenthetically that he signed the statement with the understanding that his whole statement was in writing and it was exactly as he told it. Parker stated that, although he did not write down everything appellant said, he took it down word for word to the best of his ability. As long as a statement is voluntary, the officer may reduce an oral statement to writing and paraphrase it. *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex.Crim.App. 1995). Appellant's issue is overruled.

Accordingly, having found no error in the trial court's admission of the statement into evidence, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.